UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTICIA JEANETTE COATES,
                Plaintiff,

                v.                    CIVIL ACTION NO. 12-11836-DPW

SOCIAL SECURITY ADMINISTRATION,
                Defendant.

MEMORANDUM AND ORDER
December 7, 2012

WOODLOCK, D.J.

I.   INTRODUCTION

     On October 2, 2012, Plaintiff Norticia Jeanette Coates

("Coates"), then residing at the Massachusetts New England Center

for Homeless Veterans in Boston, Massachusetts,[1] filed a skeletal

self-prepared Complaint against the Social Security

Administration ("SSA").[2]  Apart from identifying the parties to

the action, Coates includes only one paragraph for relief,

stating:

> Plaintiff requests the jurisdiction over thic [sic] case
> pursuant to 28 U.S.C. 1332.  Reasons Non-Payment 6 month
> Default on Federal Court Demand Filed Date 03/23/2012
> Defendant Caused Detrimental Harm Causing Plaintiff to Be
> Homeless.

_____

[1]Coates's pleading filed November 1, 2012 indicates an address in
Randolph, Massachusetts; however, no Notice of Change of Address
has been filed.

[2]The complaint actually names the SSA located in Boston,
Massachusetts as a party; however, the Clerk's Office opened this
action noting Michael J. Astrue, the Commissioner of the SSA, as
the Defendant.  This action is one of seven civil actions filed
by Coates on October 2, 2012.

Compl. (Docket No. 1 at 1, ¶ 4).  The civil cover sheet attached to the complaint states the cause of action is based, *inter alia*, on civil rights, social security claims, and recovery of defaulted student loans.  There, Coates demands $55,000,000.00 plus interest at 97%.

This action is a refiling of a case Coates filed on March 23, 2012 in the District of Arizona (Phoenix Division).  *See Coates v. Social Security Administration*, Civil Action No. 2:12-cv-00624-GMS.[3]  On April 24, 2012, District Judge G. Murray Snow issued an Order dismissing the complaint without prejudice to filing an amended complaint, on the ground that the complaint did not comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Moreover, Judge Murray stated that:  "Plaintiff labels her complaint 'Social Security Fraud' and appears to be challenging the denial of social security benefits for her son, on whose behalf Plaintiff has filed this action.  However, Plaintiff is required to exhaust her administrative remedies before this Court has subject matter jurisdiction to hear any challenges related to a denial of social security benefits."  Order (Docket No. 7 at 3).  There was no indication that Coates had exhausted her administrative remedies

---

[3]The instant complaint indicates the docket number from the District of Arizona in the caption.

sufficiently.   Additionally, Judge Murray noted: "Of final note,
Plaintiff has improperly named the city of Holland, Michigan –
Holland Social Security Administration as Defendant – challenges
regarding a denial of Social Security benefits are properly
stated against the Commissioner of Social Security
Administration."   *Id.*[4]

Thereafter, Coates filed two Motions for Reconsideration,
both of which were denied.   On September 4, 2012, she filed a
Motion to Transfer, which was denied on September 10, 2012.
Following her relocation to Massachusetts, Coates filed the
instant action.

Accompanying the Complaint, Coates filed a Motion for Leave
to Proceed *in forma pauperis* (Docket No. 2), and a document
entitled "Motion Subpoena Felony Complaint" (Docket No. 3)
directed to Chief Judge Mark L. Wolf.   In that motion, she
requests that warrants issue against the SSA for "non-payment on
federal court demand that concludes final action and legal
provisions ordered by the federal court district ARIZONA.

---

[4]I note that United States District Judge Neil V. Wake issued a
substantially similar Order in *Coates, next friend fo D.L.K.F. v.
Erickson*, Civil Action No. 2:12-cv-00622-NVW (United States
District Court for the District of Arizona (Phoenix Division).
After the dismissal of that action, Coates refiled the action in
this District.  *See Coates v. Erickson*, Civil Action No. 12-
11839-DPW.

Assigned state federal judge Honorable JAMES A. TEILBORG."
Motion (Docket No. 3 at 1).  Additionally, Coates alleges that
the SSA is in "felony negligence tort-criminal and civil
violation reasons ignoring a federal court order failing to meet
complaint within a specified time period."  *Id.* at 2.

In addition to the Motion Subpoena Felony Complaint, Coates
filed a Notice of Default form (Docket No. 4) including a
proposed Form of Default Judgment (in the amount of
$55,000.000.00 plus 97% interest from March 23, 2012 to September
28, 2012).

Notably, Coates's complaint, the Motion Subpoena Felony
Complaint, and the Notice of Default form are, in substance,
virtually identical to other civil actions filed by Coates as
well as those filed by her husband, David Lionel Fowler
("Fowler").  *See Coates v. Erickson*, Civil Action No. 12-11839-
DPW; *Coates v. McCroskey,* Civil Action No. 12-11838-MLW; *Coates
v. Curran*, Civil Action No. 12-11837-RWZ; *Coates v. Michigan
Department of Human Services*, Civil Action No. 12-11834-DPW;
*Coates v. Social Security Administration*, Civil Action No. 12-
11832-GAO; *Coates v. JP Morgan Chase Bank, NA*, Civil Action No.
12-11831-RGS; *Fowler v. Berrien County Probate Court*, Civil
Action No. 12-11828-RWZ; and *Fowler v. Social Security
Administration*, Civil Action No. 12-11826-RGS.

4

On October 9, 2012, Coates filed a "Motion on Demand
Complaint" (Docket No. 9).  The caption of the pleading indicates
the intent to file this document not only in the instant action ,
but in Civil Action Nos. 12-11826-RGS and Civil Action No. 12-
11832-GAO.  That pleading names Fowler as a plaintiff along with
Coates, and makes allegations that Mr. Rush, of the SSA, made
"false malicious allegations all cases were dismissed and closed
and they were not obeying the judges order and they didn't have
to do what the judge said on the 5th of October, 2012."  Motion
(Docket No. 9 at ¶ 1).  Coates requests payment in full in the
amount of $110,000.00 and $55,000,000.00 with a 97% interest.
Additionally, Fowler requests $50,000,000.00 with a 97% interest
rate.

Thereafter, on November 1, 2012, Coates filed a document
entitled "Complaint Amendmet [sic]" (Docket No. 10) in both this
action and in Civil Action No. 12-11832-GAO.  That document
alleges that SSA Supervisor Miss Rada, Mr. Rush, and Mr. Brant
committed a felony on October 5, 2012 by "falsely not filing
court order in the social security electronic file to falsely
ignore and refusal on federal court demand unauthorized criminal
activity falsely engaged in practice of law."  Amended Compl.
(Docket No. 10 at 1).

On November 26, 2012, Coates filed a document entitled

"Motion Emergency Appeal" (Docket No. 11)(docketed as a
Clarification Legal Statement).

On December 3, 2012, Coates filed a Request for
Authorization for Transcript (Docket No. 12)(using Form CJA 24).
It is unclear what transcript she seeks; however, she indicates
that payment for the transcript is to be made by the Social
Security Administration in Brockton, Massachusetts.  Since there
are no transcripts for this action, it is presumed she seeks
administrative hearing transcripts.

On December 6, 2012, Coates filed a Motion for Monetary
Relief (Docket No. 13) and an Application for a Warrant to Seize
Property Subject to Forfeiture (Docket No. 13), along with a
proposed arrest warrant and waiver of summons.

II.  DISCUSSION

   A.   The Motion for Leave to Proceed *In Forma Pauperis*;
        Failure of Fowler to Satisfy Filing Fee and Other
        Requirements; Effect of Amended Complaint

Upon review of Coates's financial disclosures indicating
that she has no substantial assets or income, I find that she
lacks funds to pay the filing fee for civil actions.
Accordingly, Coates's Motion for Leave to Proceed *in forma
pauperis* (Docket No. 2) will be ALLOWED.

Next, with respect to Fowler, although an earlier pleading
listed him as a plaintiff, neither the original complaint nor the

amended complaint names him as a plaintiff in this action.

Moreover, Fowler has he signed the amended complaint or satisfied

the filing fee requirements.  In any event, I deem the amended

complaint (Docket No. 10) to be the operative pleading in this

action, superseding all prior complaint(s).

Accordingly, I will <u>DISMISS</u> all claims asserted by Fowler in

this action.

B.   <u>Preliminary Screening of the Complaint</u>

Because Coates is proceeding *in forma pauperis*, her

complaint (as amended) is subject to screening under 28 U.S.C.

§ 1915(e)(2).[5]  Further, in addition to the statutory screening

requirements under § 1915, the Court has an independent

obligation to inquire, *sua sponte,* into its subject matter

jurisdiction.[6]  In connection with this preliminary screening,

---

[5]This statute authorizes federal courts to dismiss actions in
which a plaintiff seeks to proceed without prepayment of fees if
the action is malicious, frivolous, fails to state a claim upon
which relief may be granted, or seeks monetary relief against a
defendant who is immune from such relief.  *See* 28 U.S.C.
§ 1915(e)(2)*; Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992);
*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[6]*See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004);  Fed. R.
Civ. P. 12(h)(3) ("If the court determines ... it lacks subject
matter jurisdiction, the court must dismiss the action.").  *See
also In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir.
1988) ("It is too elementary to warrant citation of authority
that a court has an obligation to inquire sua sponte into its
subject matter jurisdiction, and to proceed no further if such
jurisdiction is wanting.").

Coates's *pro se* pleadings are construed generously.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).  Even under a broad reading, however, this action will be <u>DISMISSED</u> for the reasons set forth below.

C.    <u>Failure to Comply With Fed. R. Civ. P. 8</u>

As with the complaint filed in the District of Arizona, Coates's amended complaint suffers the same defects; it fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'"  *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)).  *See also Redondo-Borges v. U.S. Dept. of Housing and*

*Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action ...., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal...[,] 'minimal requirements are not tantamount to nonexistent requirements.'" *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

Here, Coates's sparse amended complaint is unintelligible. Although she demands payment from the SSA, she fails to set forth the underlying factual basis for the demand in any meaningful fashion. It appears that she is asserting that she obtained a Court judgment; however, there is no information as to the nature of this judgment (*i.e.*, who issued the judgment, the date and place of issuance, the substance of the judgment, and the reasons for the judgment). In other words, she fails to set forth the "who, what, where, when, and why" type of information necessary to state a claim upon which relief may be granted, and I cannot discern any cognizable claim against the SSA here. Moreover, although Coates makes reference to allegedly false statements and the commission of felonies, she fails to set forth any cognizable claims in this regard.

In short, it would be unfair to the SSA to have to respond

9

to the amended complaint as pled, and to expend public funds in the process.  In light of all of the above, this case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, I would permit a *pro se* litigant an opportunity to cure the pleading defects; however, given Coates's prior litigation in the District of Arizona, I deem such an opportunity to be an exercise in futility.  Moreover, notwithstanding the pleading deficiencies under Rule 8, this case suffers from fundamental legal impediments, discussed below.

D.   <u>The Social Security Administration is Entitled to Sovereign Immunity</u>

Coates may not recover damages against the SSA (a federal agency) because it is entitled to sovereign immunity.

It is well-settled that under the doctrine of sovereign immunity, the United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Testan*, 424 U.S. 392, 399 (1976).  A waiver of this immunity may never be implied from the factual circumstances of the particular case.  Rather, the waiver must be unequivocally expressed in each instance.  *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *United States v. Mitchell*, 445 U.S. 535, 538,

(1980).  Here, nothing is presented that would show the United

States has waived its sovereign immunity.

> E.    Failure to State Cognizable Civil Rights Claims Based
>       on Social Security Decisions

Next, to the extent that Coates asserts constitutional

violations against the SSA  or against its employees or

officials, her constitutional claims are subject to dismissal

because there is no *Bivens*[7] liability with respect to matters

involving the denial of Social Security benefits.  Rather,

Congress's statutory scheme providing a remedy for alleged

federal wrongs in this area is the <u>exclusive</u> means available to

Coates with respect to her claim for benefits.

In addressing the question whether federal actors may be

sued under *Bivens* in the context of challenges to an agency

decision denying benefits:

"[T]he Supreme Court has held that a *Bivens* action does not

lie for denial of Social Security benefits.  The Ninth Circuit

summarized:

[t]he Supreme Court has instructed us that a *Bivens*

--------

[7]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  "The *Bivens* doctrine allows plaintiffs to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities."  *DeMayo v. Nugent*, 517 F.3d 11, 14 (1st Cir. 2008).

> action does not lie where a comprehensive federal
> program, with extensive statutory remedies for any
> federal wrongs, shows that Congress considered the types
> of wrongs that could be committed in the program's
> administration and provided meaningful statutory
> remedies." *Adams v. Johnson*, 355 F.3d 1179, 11-83-84
> (9th Cir. 2004) (citing *Schweiker v. Chilicky*, 487 U.S.
> 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) ("When
> the design of a Government program suggests that Congress
> has provided what it considers adequate remedial
> mechanisms for constitutional violations that may occur
> in the course of its administration, we have not created
> additional *Bivens* remedies.")); *see also Hooker v. U.S.
> Dept. of Health and Human Services*, 858 F.2d 525, (9th
> Cir.1988) (42 U.S.C. § 405(h) bars state law tort claim
> under Federal Tort Claims Act.)."

*Deuschel v. Barnhart*, 2004 WL 5542429, at *5 (E.D. Cal. 2004); *see
Rivera v. Astrue*, 2011 WL 241981, *3 (D. Mass. 2011).

    *Deuschel* further stated that: "[t]he Social Security Act
contains a comprehensive system for review of actions taken in
the course of administering it ...." *Id.* at *6.  In discussing
the Supreme Court's jurisprudence with respect to *Bivens*,
*Deuschel* noted:

> [T]he Court has cautioned against extending *Bivens* into
> new areas or recognizing new rights or claims.  The Court
> has emphasized that so long as the plaintiff had an
> avenue for some redress, bedrock principles of separation
> of powers foreclose judicial imposition of a new
> substantive liability.  Implied remedies premised on
> violations of constitutional rights are not created to
> fill in gaps of existing relief to which plaintiffs are
> already entitled." *Libas Ltd. v. Carillo*, 329 F.3d 1128,
> 1130 (9th Cir. 2003).  The Social Security Act having
> provided for a comprehensive system to challenge the
> decisions of which [plaintiff] complains, a *Bivens* action
> against individuals does not lie.  That determination,
> however, does not end the matter.  Plaintiff may

> nevertheless be entitled to obtain judicial review of her
> claim against the Commissioner that the procedures
> followed by the social security administration...
> violated due process.

*Deuschel*, 2004 WL 5542429, at * 6 [brackets added]; *see* 42 U.S.C.

§ 405(h)(providing for finality of the Commissioner's decision,

and providing, *inter alia*, that: "[n]o action against the United

States, the Commissioner of Social Security, or any officer or

employee thereof shall be brought under section 1331 or 1346 of

title 28 to recover on any claim arising under this

subchapter.").

In light of the above, to the extent that Coates's claims

are based on the denial of social security benefits, her only

basis for seeking judicial review is under the statutory scheme

with respect to the administration of social security benefits.

*See* 42 U.S.C. § 405(g).  As Judge Murray noted, the proper

defendant in such an action is the Commissioner of Social

Security and not the agency itself.

Accordingly, for all the reasons set forth above, I will

<u>DISMISS</u> this action *sua sponte*.

F.   <u>The Motion Subpoena Felony Complaint</u>

To the extent that Coates seeks criminal proceedings to be

instituted against the SSA or any of its employees, officials, or

any other individual based on the alleged constitutional

13

violations, I find her requests to be unfounded.  A private

citizen, such as Coates, lacks a judicially cognizable interest

in the federal prosecution or non-prosecution of another.  *See,*

*e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord*

*Nieves-Ramos v. Gonzalez*, 737 F. Supp. 727, 728 (D. P.R. 1990)

(same).[8]

Accordingly, Coates's Motion Subpoena Felony Complaint

(Docket No. 3) will be <u>DENIED</u> in all respects.

G.    <u>The Motion Emergency Appeal</u>

Coates's Motion Emergency Appeal is not entirely coherent.

It appears she seeks reconsideration of her case, although no

prior rulings have been made that would necessitate

reconsideration.  She asserts that co-defendant Kevin McCroskey

is in "state felony violation social security law...."  Motion

---

[8]Moreover, section 547 of title 28 states, in relevant part, that
"Except as otherwise provided by law, each United States
attorney, within his district, shall –  (1) prosecute for all
offenses against the United States."  28 U.S.C. § 547 (1).  Thus,
Coates does not have standing to bring a criminal action in
federal court because no statute authorizes her to do so.  *Kennan
v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*);
*accord Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (*per
curiam*) (stating that only the United States as prosecutor can
bring a complaint under 18 U.S.C. §§ 241-242); *Stone v. Warfield*,
184 F.R.D. 553, 555 (D. Md. 1999)(stating that individual
citizens have no private right of action to institute federal
criminal prosecutions); 28 U.S.C. § 516 (conduct of litigation in
which the United States is a party is reserved to officers of the
Department of Justice, under the direction of the Attorney
General).

(Docket No. 11 at 1.  She asserts she never signed a written fee agreement with Attorney McCroskey; however, he was falsely paid attorney fees by the Social Security Administration without her consent, and falsely exposed her social security number to an unknown attorney.

Notably, Attorney McCroskey is <u>not</u> a named defendant in this action.  Rather, Coates filed a separate lawsuit against this defendant.  *See Coates v. McCroskey*, Civil Action No. 12-11838-MLW.  In any event, to the extent Coates seeks reconsideration or any other action awarding her monetary damages, I find the request to be wholly unfounded, for all of the reasons stated herein.[9]

Accordingly, plaintiff's Motion Emergency Appeal (Docket No 11) will be <u>DENIED</u>.

H.   <u>The Request for Authorization for Transcript</u>

For the reasons set forth herein, Coates's Request for Authorization for Transcript (Docket No. 12) is unfounded, and will be <u>DENIED</u>.

I.   <u>The Motion for Monetary Relief and the Application for a Warrant to Seize Property Subject to Forfeiture</u>

In light of the above, plaintiff's Motion for Monetary

---

[9]I will not construe this motion as an appeal to the United States Court of Appeals for the First Circuit, as there was no ruling to appeal at the time plaintiff filed her motion.

Relief (Docket No. 13) and her Application for a Warrant to Seize Property Subject to Forfeiture (Docket No. 14) will be <u>DENIED</u> in all respects.

    J.   <u>Certification That Any Appeal Would Not Be Taken In Good Faith</u>

In light of the clear legal impediments to plaintiff's claims noted above, I will <u>CERTIFY</u> pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), that any appeal of this Memorandum and Order for dismissal would not be taken in good faith.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* Similarly, under Fed. R. App. P. 24(a)(3)(A), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith. *Id.* "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674, 674 (1958) (*per curiam*); *see Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *Wooten v. District of Columbia*, 129 F.3d 206, 208 (D.C. Cir. 1997). A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." *Neitzke* 490 U.S. at 325. Such is the case here. I find

16

that any appeal would be one that plainly does not deserve

additional judicial attention.

III. CONCLUSION

    Based on the above, it is hereby Ordered that:

1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2.    Plaintiff's Motion Subpoena Felony Complaint (Docket No. 3) is <u>DENIED</u>;

3.    Plaintiff's Motion Emergency Appeal (Docket No. 11) is DENIED;

4.    Plaintiff's Request for Authorization for Transcript (Docket No. 12) is <u>DENIED</u>;

5.    Plaintiff's Motion for Monetary Relief (Docket No. 13) is <u>DENIED</u>;

6.    Plaintiff's Application for a Warrant to Seize Property Subject to Forfeiture (Docket No. 14) is <u>DENIED</u>;

7.    All claims of David Lionel Fowler are <u>DISMISSED</u>;

8.    This action is <u>DISMISSED</u> in its entirety; and

9.    This Court <u>CERTIFIES</u> that any appeal of the dismissal of this action would not be taken in good faith.


SO ORDERED.

                              <u>/s/ Douglas P. Woodlock</u>
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE